IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>RENEE KUHS,<br><br>    Defendant. | Case No. 2:26-cv-000162 |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Equitable Financial Life Insurance Company ("Plaintiff" and/or "EFLIC"), by and through its attorneys, Saretsky Hart Michaels + Gould PC, and for its Complaint for Declaratory Judgment against Defendant Renee Kuhs ("Defendant and/or Kuhs"), states as follows:

## PARTIES AND VENUE

1. Plaintiff is a corporation with its principal place of business in New York, New York and is organized under the laws of the State of New York.

2. Defendant is an individual residing in New Berlin, Wisconsin.

3. Pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over this dispute because there is complete diversity between Plaintiff and Defendant and the amount at issue exceeds $75,000, exclusive of interest and costs.

4. Further, pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because this is a judicial district in which Defendant resides, and where a substantial portion of the events giving rise to the claim occurred.

5. This Court has authority to grant EFLIC declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## NATURE OF THE ACTION

6. This declaratory judgment action seeks to establish that a Flexible Premium Universal Life Insurance Policy ("the Policy") issued by Plaintiff and owned by Defendant lapsed and was properly terminated for non-payment of premiums.

7. Plaintiff issued the Policy on June 1, 2004, to non-party Bruce Kuhs, Defendant's ex-husband.[1] Mr. Kuhs, a licensed insurance agent, was also the agent of record on the Policy.

8. The Policy was a flexible premium universal life policy with a face value of $1 million and insured the life of Mr. Kuhs. A specimen copy of the Policy is attached hereto as Exhibit "1."

9. The Policy allowed for flexible premiums payments but required that its cash value be maintained at a level sufficient to cover the cost of deductions. Exhibit "1."

10. In July 2012, Defendant became the owner of the Policy. Exhibit "2."

11. In 2017, following Defendant's divorce from Mr. Kuhs, a new agent of record was assigned to the Policy.

12. No premiums were paid from March 2007 through September 2013, causing the policy account to decrease precipitously as the cost of insurance and other charges were deducted each month.

13. By way of example, the cost of insurance and other charges from May 11, 2015 through May 10, 2016 were $1,416.32, leaving an account value of $388 as of May 10, 2016, which was an insufficient amount to keep the policy in force for the upcoming policy year without

---

[1] Mr. Kuhs and Defendant divorced in 2017.

making premium payments to cover the monthly cost of insurance and other charges, which were $222 each month.

14. Beginning in 2016, Plaintiff sent Defendant policy lapse notices each time the account value was insufficient to pay upcoming cost of insurance and other charges. .

15. The Policy provided Defendant with a 61-day grace period in which to make specified amounts as set forth in the Notice of Policy Lapse to keep the Policy in force.

16. Between February 2016 and February 2025, 27 Notices of Policy Lapse were sent to Defendant. Exhibit "3."

17. On February 12, 2025, Plaintiff mailed a Notice of Policy Lapse to Defendant in compliance with Wis. Stat. § 631.36, which governs the termination of an insurance policy by an insurer. Wis. Stat. § 631.36(2) provides that "no insurance policy may be canceled by the insurer prior to the expiration of the agreed term except for failure to pay a premium when due. . . ." Wis. Stat. § 631.36(2)(a). Additionally, no cancellation "is effective until at least 10 days after the 1st class mailing or delivery of a written notice to the policyholder" and the notice of cancellation must state the facts on which the insurer's decision is based with reasonable precision. Wis. Stat. § 631.36(2)(b) and §631.36(6).

18. The Notice of Policy Lapse stated, with the requisite particularity, that if Defendant did not pay $891 on or before April 19, 2025, Plaintiff would terminate the Policy. Exhibit "4."

19. The Notice of Policy Lapse preceded the effective date of termination by more than ten days. Plaintiff therefore satisfied the requirements under Wis. Stat. § 631.36(2) before cancelling the Policy.

20. Defendant failed to remit payment by April 19, 2025.

21. By notice dated April 28, 2025, Plaintiff terminated the due to Defendant's failure to pay the necessary amounts due/premiums. Exhibit "5."

22. Defendant then attempted to have Plaintiff reinstate the Policy.

23. Defendant's request for reinstatement was denied for medical reasons. Exhibit "6."

24. Notably, Mr. Kuhs, as the Policy's insured, attempted to help Defendant have the Policy reinstated by forwarding his recent medical testing to Plaintiff's underwriters.

25. On December 8, 2025, Defendant filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") against Equitable Advisors, LLC ("Equitable Advisors"), a FINRA member firm, and Mr. Kuhs (the "FINRA Arbitration"), alleging all manner of misconduct related to the lapse and cancellation of the Policy. Exhibit "7."[2]

26. The Statement of Claim specifically contends that Equitable Advisors was involved in reappointing Mr. Kuhs as the agent on the Policy in 2024 and that as a result, the Policy was "cancelled." Exhibit "7" at p. 1. Claimant further alleges that Mr. Kuhs did not act in her best interests by failing to forward the Policy information to "an agent who would provide assistance." Exhibit "7" at p. 2. She also contends that Equitable Advisors failed to supervise Mr. Kuhs with respect to the Policy and seeks reinstatement of the Policy or return of premiums with interest.

27. Beyond any lack of merit to Plaintiff's claims raised in the FINRA Arbitration, dismissal of the FINRA Arbitration is being sought concurrently on the grounds that (1) Equitable Advisors is a FINRA member firm that does not offer, sell or service fixed insurance products and did not issue or sell the Policy to Defendant and it is therefore improperly named, (2) the dispute solely relates to universal life insurance, which was not sold through Equitable Advisors and is

---

[2] FINRA is a private organization that regulates broker-dealer firms and their registered professionals and handles securities disputes. The Policy is not a security and was not purchased through Equitable Advisors.

4

outside the scope of FINRA's jurisdiction, and (3) Defendant's claims are barred by a release contained in a 2019 Marital Settlement Agreement.

28. The proper party to address any claims involving termination of the Policy is the issuer of the policy, EFLIC, and should be addressed before this Court.

## COUNT I

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 1331
### PLAINTIFF SATISFIED THE REQUIREMENTS UNDER WIS. STAT. § 631.36(2) FOR CANCELLING THE POLICY

29. Plaintiff restates and incorporates the foregoing paragraphs 1 through 28 as though fully set forth and state herein.

30. Plaintiff mailed a Notice of Policy Lapse to Defendant on February 12, 2025, explaining that if Defendant did not make a minimum payment of $891 by April 19, 2025, the Policy would be terminated. Exhibit "4." Plaintiff mailed the Notice of Policy Lapse to Defendant at least ten days before the effective date of termination, therefore satisfying the requirements under section 631.36(2) for terminating the Policy.

31. Moreover, a notice by mail "is usually considered complete not upon proof of receipt, but upon mailing." *Am. Family Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶ 35, 319 Wis. 2d 397, 768 N.W.2d 729. When a party provides evidence of mailing a letter, this "raises a rebuttable presumption that the addressee received the letter." *Id*. ¶ 36.

32. When the necessary payment was not received, the Policy was terminated.

33. Defendant cannot overcome the presumption that she received the Notice of Policy Lapse and failed to provide the requested minimum payment by April 19, 2025.

34. Accordingly, Plaintiff satisfied the requirements under Wis. Stat. § 631.36(2) for cancelling the Policy.

35. Declaratory relief from this Court will resolve this controversy and limit uncertainty.

36. As alleged herein, an actual controversy exists between the parties, regarding the rights, duties, and liabilities of the parties. This Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary under the facts and circumstances.

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue an order:

(a) Declaring that Plaintiff satisfied the requirements under Wis. Stat. § 631.36(2) for cancelling the Policy;

(b) Declaring that the Policy was properly terminated; and

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Saretsky Hart Michaels + Gould PC
Attorneys for Plaintiff

By: _/s/ Christopher D. Mackey_
Christopher D. Mackey (WI Bar No.: 1095287)
Attorneys for Plaintiff
Saretsky Hart Michaels + Gould PC
118 N. Clinton Ave., Suite 425
Chicago, IL 60601
(312) 820-9900
cmackey@saretsky.com

Eric A. Michaels (PHV forthcoming)(MI Bar No. P57411)
Meagan A. Lamberti (PHV forthcoming)(MI Bar No. P73256)
Attorneys for Plaintiff
Saretsky Hart Michaels + Gould PC
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300

emichaels@saretsky.com
mlamberti@saretsky.com

Dated: January 30, 2026